UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TONY MAC MOORE
LA. DOC. #123301

VS.

LOUISIANA PAROLE BOARD, ET AL.

CIVIL ACTION NO. 08-0413

SECTION P
JUDGE TRIMBLE
MAGISTRATE JUDGE KIRK

**REPORT AND RECOMMENDATION**

On March 24 2008, *pro se* plaintff Tony Mac Moore, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), who is incarcerated at the Winn Correctional Center (WCC), Winnfield, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. He contends that his Due Process rights have been violated and that he has been falsely imprisoned. He seeks damages for false imprisonment, mental anguish, pain and suffering, and for loss of wages and property. He sues the Parole Board and its members, Verdegra Dixon, Jim Wise, Mr. Lowe, Mr. Albert, Diane Simon, and the LDOC and its Secretary. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

***Statement of the Case***

In 1996 petitioner was convicted of simple burglary in

Louisiana's Fourteenth Judicial District Court, Calcasieu Parish. He was sentenced to serve 12 years at hard labor in the custody of the LDOC.

On February 25, 2004 plaintiff was paroled; on the same date his parole supervision was transferred to Texas. On May 25, 2004 plaintiff was charged with aggravated assault on a police officer and evading arrest in a motor vehicle[1] in Bexar County, Texas. He was released on bond.

On June 4, 2004 he was arrested by the Bexar County Sheriff's Office on a parole violation warrant issued by the Louisiana Parole Board.

On October 18, 2004 petitioner pled guilty to evading arrest, motor vehicle, in the criminal district court in Bexar County. (Plaintiff claims that his attorney produced a video tape which exonerated plaintiff from the assault charge and that he pled guilty to the evading arrest charge "under duress ... to keep from being framed by the Police, and Bexar County District Attorney Office.") Plaintiff was sentenced to serve 6 months concurrent with his parole revocation charges.

On January 6, 2005 plaintiff was extradited back to

[1] See Vernon's Texas Code Annotated §38.04 which provides in part, "(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.
(b) An offense under this section is a Class B misdemeanor, except that the offense is: (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;..."

Louisiana. On March 24, 2005 the Louisiana Parole Board convened a hearing. According to the plaintiff, the Board received evidence from Texas indicating that the plaintiff was not guilty of the aggravated assault charge. Presumably, the Board was also made aware of plaintiff's felony conviction in Texas. Nevertheless, the Board did not render a decision regarding plaintiff's parole status. Plaintiff was apparently remanded to the custody of the LDOC, and his time was computed "as if he had been revoked."

On March 24, 2005 plaintiff, who was then housed at the C. Paul Phelps Correctional Center, DeQuincy, Louisiana, submitted an Administrative Remedies Procedure Grievance. Plaintiff complained: (1) that the Parole Board failed to provide him a copy of his rights until after he went before the Board; (2) that someone else, and not the plaintiff, waived his right to present witnesses, and his right to be represented by counsel; (3) that the Parole Board "withheld" favorable evidence (namely, the fact that plaintiff had been a victim of racial profiling by the police in Bexar County and that this fact was established by a video tape, the viewing of which convinced the authorities in Texas to dismiss the aggravated assault charge and to forego revocation of plaintiff's Texas parole); (4) that the same video was sent to the Louisiana Parole Board and that the Board should have considered this mitigating evidence; (5) that the Board did

not attempt to contact Texas authorities to verify plaintiff's claims; (6) that plaintiff was presented a document with no decision of the Parole Board relative to the revocation of plaintiff's parole; and, (7) that the Board was in violation of their obligation to provide plaintiff with a written copy of the Board's decision; and of their obligation to consider mitigating evidence. [rec. doc. 1-3, pp. 1-4, Exhibit A] On June 22, 2005 his ARP was rejected with the explanation that Parole Board matters cannot be resolved through the ARP process. [rec. doc. 1-3, p. 5, Exhibit A-2]

Meanwhile, on April 20, 2005 plaintiff filed an application for writ of habeas corpus in Louisiana's Nineteenth Judicial District Court. Plaintiff asked the court to order the parole Board to rule on the evidence submitted by the Texas authorities and to order plaintiff's immediate release from custody. [rec. doc. 1-3, pp. 6-12, Exhibit A]

On March 8, 2006 the Commissioner of the Nineteenth Judicial District Court issued a Screening Report recommending dismissal of plaintiff's habeas case as premature. The commissioner advised plaintiff to seek mandamus relief. [rec. doc. 1-3, pp. 13-14, Exhibit B] On April 12, 2006 Judge Donald Johnson of the Nineteenth Judicial District Court adopted the screening recommendation and ordered plaintiff's habeas corpus petition dismissed. [rec. doc. 1-3, pp. 1-16, Exhibit B-1]

On April 15, 2006 plaintiff filed a petition for mandamus seeking to compel the Parole Board to render a decision concerning the revocation of parole. [rec. doc. 1-3, pp. 17-21, Exhibit C] On April 25, 2006 the District Court denied relief. On June 29, 2008 plaintiff sought review in the First Circuit Court of Appeal. [rec. doc. 1-3, pp. 22-26] On November 16, 2006, the First Circuit apparently ruled in plaintiff's failure and directed the District Court to reconsider plaintiff's mandamus suit. [rec. doc. 1, p. 7] On December 13, 2007, the Commissioner authored a report recommending that plaintiff's mandamus be granted. [rec. doc. 1-3, pp. 27-30, Exhibit E] On December 19, 2007 the District Judge adopted the report and recommendation and entered a judgment in favor the plaintiff directing the Parole Board grant a final revocation hearing and render a decision within 30 days. [rec. doc. 1-3, pp. 31-32, Exhibit F]

On March 7, 2008, the Parole Board notified plaintiff of its intention to conduct a parole revocation hearing on March 10, 2008 at the Winn Corrections Center. The notice advised plaintiff of his right to speak, present evidence, and to be represented by retained counsel at his own expense or to request appointment of counsel if indigent. On the same date plaintiff was advised that the Board had reviewed a violation report indicating that plaintiff had been convicted of a felony while on parole. The notice further advised, "Your final revocation hearing has been

scheduled for 03/10/2008. Since Louisiana R.S.15:574.10 provides for automatic revocation when a Louisiana parolee is convicted of a felony while on parole, the final hearing is for identification purposes only." [rec. doc. 1-3, pp. 33-34, Exhibit G] On March 10, 2008 the Parole Board convened its hearing and ordered plaintiff's parole revoked. In so doing the Board determined that plaintiff did not request appointment of counsel at the preliminary hearing or the revocation hearing, and, that plaintiff was not eligible for appointed counsel. Finally, the Board's written report concluded that plaintiff had been convicted of the felony offense of evading arrest with a vehicle on May 24, 2004 in Bexar County, Texas, and therefore the Board voted to revoke plaintiff's parole. [Id., pp. 35-37][2]

Plaintiff signed his civil rights complaint on March 14, 2008. He claims that the defendants have violated his rights to due process as recognized by Morrissey v. Brewer, 408 U.S. 471 [rec. doc. 1, p. 8], and he prays for damages for illegal incarceration, mental anguish, pain and suffering, loss of wages, and loss of property. [rec. doc. 1, p. 9]

---

[2] While the parole revocation was pending, on February 28, 2008, the Nineteenth Judicial District Court ordered the defendants to show cause on March 6, 2008, why they had not complied with the order to reconvene the parole revocation hearing. [rec. doc. 1-3, p. 38, Exhibit H] This order was apparently mooted by the hearing convened on March 10, 2008.

## ***Law and Analysis***

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v.

McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v.

Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

***2. Absolute Immunity of the Parole Board***

Plaintiff seeks monetary judgments from members of Louisiana's Parole Board. Parole Board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. Hulsey v. Owens, 63 F.3d 354 (5th Cir. 1995); Cruz v. Skelton, 502 F.2d 1101 (5th Cir. 1974)(granting absolute immunity to parole board members when they are "engaged in the performance of quasi-judicial duties"); Walter v. Torres, 917 F.2d 1379, 1383 (5th Cir.1990); Johnson v. Kegans, 870 F.2d 992, 995-96 (5th Cir.) (discussing history of absolute immunity for parole board members, equating their function to that of judges and labeling the parole board's function "quasi-judicial"), *cert. denied*, 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989); Farrish v. Mississippi State Parole Bd., 836 F.2d 969, 974 (5th Cir.1988) (focusing on the nature of the official's responsibilities and not on the official's status or rank).

Plaintiff seeks monetary damages from the members of Louisiana's Parole Board based upon their actions as a Parole Board in taking plaintiff into custody and thereafter revoking his parole. These defendants are entitled to absolute immunity

and plaintiff's claim for damages against these defendants should be dismissed in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(iii).

***3. The LDOC and its Secretary***

Plaintiff also named the LDOC and its former and current Secretary as defendants, however, he has alleged no fault on the part of the entity or the individuals. Nevertheless, even if plaintiff were allowed to amend his complaint to allege fault against these defendants, his complaint would still be subject to dismissal. The Louisiana Department of Public Safety and Corrections is absolutely immune from suit due to the Eleventh Amendment. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir.1999).

Claims against former Secretary Stalder and current Secretary LeBlanc would fare no better. It appears that plaintiff has sued Secretaries Stalder and LeBlanc in their supervisory capacity. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Indep. Sch. Dist., 877 F.2d 313 (5th Cir.1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990).

To be liable under § 1983, a supervisory official must be

personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir.1998). Neither LeBlanc nor Stalder were personally involved in the events surround the revocation of plaintiff's parole. Plaintiff's claims against these defendants are frivolous.

***4. Heck Considerations***

Plaintiff is seeking monetary compensation for an allegedly unconstitutional parole revocation and for his subsequent incarceration based upon that revocation. More specifically, he claims that he is entitled to monetary damages for his illegal incarceration and for mental anguish, pain and suffering, and the loss of wages and other property resulting from that allegedly illegal incarceration. [rec. doc. 1, ¶V]

The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." Heck v. Humphrey, 512 U.S.

477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. Since a judgment in favor of the plaintiff would call into question the legality of his conviction and confinement, the Court dismissed the Section 1983 suit until the plaintiff could demonstrate that the allegedly unlawful conviction or sentence had been invalidated.

The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995). In Littles, the plaintiff, a Texas prisoner, filed a civil rights claim against the Texas Parole Board claiming, as did the plaintiff herein, that the Board failed to provide him with a written statement of its reasons for revoking parole and that this failure violated his due process rights. The United States District Court dismissed plaintiff's claim under Heck, and, on appeal, the Fifth Circuit upheld that judgment noting, that the plaintiff "... has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as Heck mandates." Littles, 68 F.3d at 123.

Plaintiff's claims are similar and clearly fall within the parameters of Heck. A favorable judgment on these claims would call into question the validity of the parole revocation procedures and the sentence he is currently serving as a result

of having his parole status revoked. Therefore, before plaintiff can proceed, he must prove that his parole revocation or sentence "...has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394. He has not met this precondition and his complaint must be dismissed with prejudice as frivolous until such time that he can demonstrate that his parole revocation and/or sentence have been invalidated. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous.")

**IT IS RECOMMENDED** that plaintiff's Complaint against the Louisiana Department of Public Safety and Corrections and the Louisiana Parole Board, and its members be **DISMISSED WITH PREJUDICE** because plaintiff seeks monetary relief against defendants who are immune from suit in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii); and,

**IT IS FURTHER RECOMMENDED** that plaintiff's Complaint against Secretaries Stalder and LeBlanc be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C.

§1915(e)(2)(B)(i); and, in the alternative,

**IT IS ALSO FURTHER RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) until such time as the Heck conditions are met.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See,*** **Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana June 9, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE